UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**FAUSTO HERRERA JUAREZ, ET AL**　　　**DOCKET NO. 6:26-cv-0042**
　　　　　　　　　　　　　　　　　　　　　　　**SECTION P**

**VERSUS**　　　　　　　　　　　　　　　　　**JUDGE JERRY EDWARDS**

**BRYAN PATTERSON, ET AL**　　　　　　　**MAGISTRATE JUDGE LEBLANC**

## ORDER

Presently before this Court is a joint Petition for Writ of Habeas Corpus, filed on behalf of Fausto Herrera Juarez, Vernoica Ramos Guido and Fasil Takletsadik, through counsel. Doc. 1.

### I.　PARTIES

According to the petition, Mr. Herrera Juarez is a native and citizen of Guatemala who was granted final immigration relief—withholding of removal under the Immigration and Nationality Act ("INA") based on his risk of persecution in Guatemala—and released from United States Customs and Immigration Enforcement ("ICE") custody in 2020. He was re-detained by ICE on or around May 6, 2025. Mr. Herrera Juarez is currently detained at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana.

Ms. Ramos Guido is a native and citizen of El Salvador who was granted final immigration relief—withholding of removal under the INA based on her risk of persecution in El Salvador—and released from ICE custody in 2017. She was re-detained by ICE on or around May 8, 2025. Ms. Ramos Guido is currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana.

Mr. Takletsadik is a native and citizen of Ethiopia who was granted final immigration relief—withholding of removal under the INA based on his risk of persecution in Ethiopia. During his removal proceedings, ICE released Mr. Takletsadik on an Order of Release on Recognizance,

Form I-220A, in 2009. Once Mr. Takletsadik was granted withholding of removal, his release converted to that of a "[noncitizen] granted withholding of removal . . . otherwise subject to detention," and therefore governed by 8 C.F.R. § 241.4. *See* 8 C.F.R. § 241.4(b)(3). He was re-detained by ICE on or around June 25, 2025. Mr. Takletsadik is currently detained at the Jackson Parish Correctional Center in Jonesboro, Louisiana.

## II. LAW

"There is not authority for permitting multiple petitioners to file one single petition for habeas corpus relief." *Yancey v. Corbett*, No. 07-cv-1251, 2007 WL 1149884 at *1 (E.D. Pa. Apr. 12, 2007). "As a practical matter, there may possibly be allegations, defenses, evidence, witnesses, theories of recovery, and disputed and undisputed facts which are germane to the arguments of one, or some petitioners, but not to all petitioners." *Id*. "Allowing multiple petitioners to proceed on a single petition [therefore] presents a multitude of difficulties." *Acord v. California*, No. 1:17-cv01089-MJS (HC), 2017 WL 4699835 at *1 (E.D. Cal. Oct. 19, 2017) (citations omitted).

The joinder of petitioners' claims may well be permissible under the Federal Rules of Civil Procedure in that, as Petitioners allege, "they jointly assert a right to release and raise at least one 'question of law or fact common to all plaintiffs,' namely whether their continued detention violates the Due Process Clause of the U.S. Constitution, the Immigration and Nationality Act ('INA'), or the APA. Fed. R. Civ. P. 20(a)(1)." Doc. 1, p. 4.  However, that does not mean that joinder is advisable. Based on this Court's recent experience with the issues raised in these cases, whether the government's continued detention violates § 1231(a)(6) as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), requires an individualized inquiry into that detainee's circumstances such that judicial economy is not furthered by joinder.  *See, e.g., J.A.S.H. v. Lynch*, 1:25-CV-1389, 2025 WL 3235739, at *4, n.3 (W.D. Mich. Nov. 20, 2025).

On a motion or on its own, the court may, at any time, drop a party or sever any claim against a party. Fed. R. Civ. Proc. 21. Rule 20 creates a two-prong test for joinder of parties-plaintiff that requires (1) all claims arise out of the same transaction or occurrence, or series of transactions of occurrences, and (2) a common question of law or fact linking the claims. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Even if the test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay. *Id*.

Petitioners were randomly joined in this action and cannot satisfy the first prong of the test. They are from different countries, entered the United States at different times, and were arrested at different times and in different locations. One is from Guatemala, one from El Salvador, and one from Ethiopia. There are no allegations of any factual connection between any of the petitioners. Simply put, these claims do not arise out of the same transaction or occurrence and misjoinder of these parties should be remedied before the Court takes action on their petition.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED:**

1. The petition of Fausto Herrera Juarez shall continue under this Civil Action No. 6:26-cv-00042-JE-TPL.

2. The petitions of Veronica Ramos Guido and Fasil Takletsadik are **SEVERED** into separate actions as to each petitioner, with a new cause number being assigned to each petitioner. In each of the new civil actions, the Clerk shall file a copy of this Order and the petition (doc. 1) in this case. The individual claims and factual bases for each petitioner in the original petition (doc. 1) are sufficient for the Court to address each

petitioner's claims. No further filings are required at this time, except as provided below with respect to the filing fee.

3. Petitioners Veronica Ramos Guido and Fasil Takletsadik shall, within thirty (30) days from the date of this order, pay the $5.00 filing fee or file a motion to proceed *in forma pauperis.*

The Court **CAUTIONS** each petitioner that failure to comply with this order may result in dismissal of their claims for relief.

THUS DONE AND SIGNED in chambers this 13th day of February, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**